# CIRCUIT COURT OF THE CITY OF RICHMOND

Martin D. Ellerbe

v.

Lowe's Home Center
and Joe Harris

December 9, 1998

Case No. LC-2663-4

BY JUDGE RANDALL G. JOHNSON

Defendants in this personal injury action ask the court to impose sanctions on plaintiff for what defendants contend were intentional misrepresentations made by plaintiff in responses to discovery. The specific sanction sought by defendants is dismissal of the lawsuit. An evidentiary hearing on defendants' motion was held on November 25, 1998.

On May 23, 1996, plaintiff was a customer at Lowe's Home Center at 4502 West Broad Street in Richmond. While shopping, he was allegedly struck by a piece of lumber which was on a forklift operated by Joe Harris, a Lowe's employee. Plaintiff filed the current action to recover damages for injuries he claims he suffered as a result of Harris' negligence. Lowe's and Harris are the named defendants.

There are two matters related to discovery which form the basis of defendants' motion for sanctions. The first involves answers given by plaintiff during his discovery deposition on June 4, 1998. After testifying that he had been involved in automobile accidents in 1990, 1991, and 1998, the following questions and answers took place:

Q. Other than the car accidents in 1990 and 1991 and the car accident you had in 1998, have you been in any other automobile accidents where you had been injured?

A. No, sir.

Q. Have you had any treatment on your back or gone to any doctor for back complaints at Patient First before this accident at Lowe's?

A. I don't think so.

Q. Have you ever — ... .

The Witness: I can only say I don't think so. I can't say, you know. It's best, you know, to check my records. When you start talking dates way back, I can't — I'm not necessarily going to remember all of them, you know.

Transcript at 72-73.[1]

Actually, plaintiff's medical records show that plaintiff injured his back in the 1990 and 1991 automobile accidents, that he had another automobile accident in 1995 in which he again injured his back, and that he was treated at Patient First for low back pain in February 1996, just three months before the incident at Lowe's.

The second basis for defendants' request for sanctions involves plaintiff's claim for lost income. Plaintiff is a self-employed contractor. In his initial answers to interrogatories, he claimed lost profits of $15,000. In a supplemental answer, he claimed lost profits of $126,048. At his deposition, he said $80,000 was a "more realistic" figure for his lost profits, and in a further supplemental answer to interrogatories provided after the deposition, he said his answer to the lost profit question is "[t]o be supplemented."

Based on the above facts and the other evidence presented at the hearing and based on the court's opportunity to observe plaintiff as a witness, the court finds that plaintiff did make intentional misrepresentations in his responses to defendant's discovery requests. With regard to the 1995 automobile accident and the treatment for back pain in February 1996, the court agrees with plaintiff that it is not unusual for a person to forget some events in their lives. The court finds it incredible, however, that plaintiff would forget an automobile accident and treatment for back pain made just months before the incident at issue here. The court concludes that plaintiff's answers in deposition were intended to mislead defendant's counsel into believing that he was symptom-free at the time of the Lowe's incident when that does not appear to be the truth.

---

[1] Defendants also claim that statements made by plaintiff to his treating physicians about prior accidents and treatment warrant sanctions. The court knows of no authority for that argument and will not consider it in its decision.

The court also rejects plaintiff's argument that even if he was less than honest about his 1995 automobile accident and his February 1996 back treatment defendants are not entitled to sanctions because their lawyer discovered the truth anyway. A party's obligation to tell the truth during discovery is not dependent upon what the opposing party can obtain through other means of discovery or even what the opposing party already knows. A party's obligation to be truthful during discovery is absolute. It is not subject to his or her ideas about what the other side can or has obtained elsewhere.

With regard to the issue of lost profits, the evidence presented at the hearing shows that from 1992 to 1995, plaintiff reported the following net income to the Internal Revenue Service for income tax purposes:

| 1992 | $1,016 |
|------|--------|
| 1993 | 987 |
| 1994 | 9,076 |
| 1995 | 6,486 |

While the court recognizes that plaintiff is claiming lost wages from May 1996 and while the court also notes that plaintiff presented statements from twenty-four people who claim that they would have hired plaintiff to perform contracting work for them totaling more than $126,000 and while the court even hopes that miracles sometimes happen, it is simply too much to ask the court to believe that a man who made a total of $17,565 in the four years leading up to the accident would have made four and a half times that amount in the three years since the accident, which is what $80,000 is. Once again, the court concludes that plaintiff's responses to defendants' discovery requests were purposefully untruthful and were intended to mislead.

In *Mayfield v. Southern Ry. Co.*, 31 Va. Cir. 229 (1993), this court emphasized the importance of providing honest answers to discovery:

Pretrial discovery is an integral part of the judicial process. The Rules of the Supreme Court of Virginia, as well as the guidelines promulgated by this court, point to the importance placed upon discovery by the judiciary. When parties engage in discovery, answers to that discovery must be responsive, honest, and complete. If they are not, and if the deficiency is a result of a *deliberate* attempt to avoid the discovery rules, sanctions under Rule 4:12 are appropriate. If a discovery response is in writing, and if it is not responsive, honest, and complete as a result of a *deliberate* attempt to avoid the discovery

rules, sanctions under Va. Code § 8.01-271.1 are appropriate as well
.... .

> As already noted, discovery is one of the integral parts of our judicial system. Litigants must not be allowed to toy with that process, or to provide anything other than honest and good-faith responses to discovery. Anything less destroys the very purposes of discovery and is unacceptable. Where, as here, a litigant deliberately withholds relevant information in the face of a clear, direct, and unambiguous request for such information, sanctions not only should, but must, be awarded.

31 Va. Cir. at 235-36 (emphasis in original).

In *Mayfield*, which was settled for $200,000 after defense counsel discovered plaintiff's untruthful answers to discovery but before defendant's motion for sanctions, the court imposed a sanction of $10,000. In doing so, the court said that it was attempting to do two things: (1) punish the plaintiff for his dishonesty; and (2) send a clear message to other litigants that such dishonesty will not be tolerated by this court. *Id.* at 237. Here, as already noted, defendants ask that the case be dismissed. While the court agrees with defendants that it has the discretion to do so, *see* Rule 4:12(b)(2)(C), the court does not believe that such a severe sanction is appropriate in this case. At the same time, the court also agrees with defendants that merely precluding plaintiff from presenting a claim for lost profits is not enough of a sanction since to do so might encourage other litigants to dishonestly inflate relative small profit and wage loss claims knowing that even if they are caught not much will be lost. Accordingly, the court will impose the following sanction: Plaintiff's lost profit claim will be dismissed. In addition, if the case is tried and a verdict is returned for plaintiff, plaintiff must pay defendant 25% of such verdict. If the case is settled, no formal sanction will be imposed since the court will assume that the parties considered the sanction just imposed in arriving at the settlement amount. It is the court's belief that these measures are appropriate to accomplish the punishment and message goals set out in *Mayfield*.